UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDALL SALLY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PANERA BREAD COMPANY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:20-cv-01068-MTS<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Randall Sally's Motion to Remand, Doc. [11].  This Missouri Merchandising Practices Act ("MMPA") case arises out of Defendant Panera Bread Company's ("Panera") "clean" advertising campaign.  Plaintiff Randall Sally originally filed his class-action petition in the Circuit Court for the City of St. Louis, Missouri.  Panera removed the case to this Court on the grounds that Plaintiff's Petition presents a federal question.  Plaintiff now requests that the Court remand the case, arguing that, although his claim may refer to federal law, his Petition makes only a state-law claim that does not create federal-question jurisdiction.  Thus, Plaintiff contends, removal is not proper under 28 U.S.C. § 1441(a) because this Court does not have original jurisdiction.  While federal law may have some role to play in this case, it is not so central to Plaintiff's claim that it can bring the case within the original jurisdiction of the federal courts.  Therefore, and for the reasons that follow, the Court will grant Plaintiff's Motion to Remand.

**I.     BACKGROUND**

Plaintiff's MMPA action centers around Panera's claim, made in advertisements, on its website, and displayed in its restaurants, that all of its food is "clean," a word that Panera self-

1

defines as meaning that the food is free from any "artificial preservatives, sweeteners, flavors, or colors from artificial sources." Doc. [6] at ¶¶ 16, 23–24. In his Petition, Plaintiff identified numerous ingredients in Panera's food items that Plaintiff asserts fall into the categories from which Panera claims its food is one-hundred percent free, including ascorbic acid, citric acid, potassium sorbate, and tocopherols (the "Challenged Ingredients").[1] *Id.* ¶¶ 28, 43. In support of his argument, Plaintiff refers to numerous FDA regulations, guidance, and warning letters that he contends show the ingredients in Panera's food are not, by Panera's definition, "clean." Plaintiff similarly cites to non-FDA references purporting to reveal the "unclean" character of various Panera ingredients, including websites, scholarly journal articles, and online resources. *See, e.g.*, *id.* ¶¶ 35–36, 43(h), 43(k). According to Plaintiff, Panera's use of the Challenged Ingredients, in tandem with the clean campaign, violates the MMPA, which prohibits the use of "any deception, . . . false promise, [or] misrepresentation . . . of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." *See* Mo. Rev. Stat. § 407.020.

Panera timely removed the case to this Court, citing to 28 U.S.C. § 1331, which provides federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Doc. [1]. Plaintiff's Petition, Panera argues, raises "important issues of federal law" having ramifications "for the nationwide labeling of food products." *Id.* ¶ 9. That is so, according to Panera, because to resolve Plaintiff's claim the Court must address whether the Challenged Ingredients "must be declared and labeled as 'preservatives' under federal law." *Id.*; *id.* ¶ 14–15 ("Whether ascorbic acid, citric acid, potassium sorbate, and tocopherols in fact do 'function as preservatives' in the Products depends on whether they fall within the FDA's definition for 'chemical preservative.'" (footnote omitted)). Because, in Panera's view, the "key

---

[1] In addition to these four ingredients, Plaintiff lists twenty more ingredients in Panera's foods that he argues are "unclean" by Panera's own definition. *See* Doc. [6] ¶ 43.

2

issue in this case . . . turns on the interpretation and application of federal regulations," Plaintiff's claim necessarily raises a substantial federal question, thereby granting this Court federal-question jurisdiction under 28 U.S.C. § 1331 and the test laid out by the Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) and clarified in *Gunn v. Minton*, 568 U.S. 251 (2013). *See id.* ¶¶ 12, 17.

Plaintiff filed the instant Motion, maintaining that he has merely stated a fact-bound, state-law claim and that the implication or interpretation of federal law as it pertains to his state-law claim does not create federal-question jurisdiction. More specifically, Plaintiff contends that federal law does not create the right of action here and his MMPA claim does not necessarily raise any issues of federal law, as "a court need not address federal law at all" in determining whether "Panera's 'clean' representations violate Missouri law." Doc. [12] at 4–7. In fact, Plaintiff insists, federal law will only be analyzed if Panera raises it as a defense to Plaintiff's claim, and defenses cannot give rise to federal jurisdiction. *Id.* at 7. Plaintiff further urges that his MMPA claim is not "substantial" within the meaning of *Grable* because he "need not demonstrate violation of federal law" to prevail on that claim; indeed, according to Plaintiff, he does not allege that "because Panera violated federal law, it also violated state law." *Id.* at 9. Because this case does not fit into the small category of state-law claims that give rise to federal jurisdiction, Plaintiff argues, the Court must remand. Finally, to the extent Panera attempted to raise complete preemption as an additional basis for removal, Plaintiff argues there is no such preemption here. *Id.* at 9–12.

In opposition, Panera reiterated its view that FDA regulations are integral to Plaintiff's claim, emphasizing the FDA's charge under the Federal Food, Drug, and Cosmetic Act of 1938 (the "FDCA") of regulating and policing food labeling. *See* Doc. [13] at 3–7. From Panera's perspective, "Plaintiff's claim boils down to this: Panera violated the MMPA because the

3

Challenged Ingredients disclosed on Panera's labels are, contrary to Panera's advertising and labeling, 'artificial preservatives' as defined by the FDA." *Id.* at 10.  Consistent with its Notice of Removal ("NOR"), Panera continued to rely on *Grable*, in which the Supreme Court explained that federal courts may exercise jurisdiction over state-law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.  While Plaintiff preemptively addressed complete preemption in his Motion, Panera did not attempt to justify this Court's exercise of jurisdiction on complete preemption grounds, and therefore the Court will not address preemption as a basis for its jurisdiction.  Accordingly, the Court will solely focus its analysis on whether it has jurisdiction under *Grable*.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. *Gunn*, 568 U.S. at 256 (quoting *Kokkonen*, 511 U.S. at 377).  Removal statutes are strictly construed, and the Court must resolve any doubts about federal jurisdiction in favor of remand. *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995).  The party seeking to remove a case to federal court has the burden of establishing subject matter jurisdiction. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

As is relevant here, "Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United

States.'" *Gunn*, 568 U.S. at 257 (quoting 28 U.S.C. § 1331).  The Supreme Court in *Gunn* explained that a case can "arise under" federal law in two ways.  First, and most commonly, "a case arises under federal law when federal law creates the cause of action asserted." *Id.* (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)).  Second, federal courts may still have federal question jurisdiction "even where a claim finds its origins in state rather than federal law." *Id.* at 258.  Federal courts will have jurisdiction over such a state claim "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (citing *Grable*, 545 U.S. at 314).  Federal question jurisdiction via the second path requires that each of those four elements are met, and the Supreme Court described such cases as being of a "special," "small," and "slim category." *Id.* (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).  Bearing in mind that the burden is Panera's to establish this Court's jurisdiction, the Court will assess whether Plaintiff's Petition gives rise to federal jurisdiction.

### III.  DISCUSSION

#### A. The Court Does Not Have Jurisdiction Based on the Face of the Complaint

Panera does not argue that jurisdiction lies here based on the first path to "arising under" jurisdiction: that federal law created Plaintiff's cause of action.  But the Court briefly addresses that possibility as a basis for jurisdiction here.  Plaintiff's sole claim under the MMPA is, of course, a state claim that is not created by federal law.  Under the "well-pleaded complaint rule," a case ordinarily is not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's properly pleaded complaint.  *Chaganti & Associates, P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Because Plaintiff asserts a claim only under the MMPA, no federal question appears on

the face of the Petition. However, "[n]otwithstanding the well-pleaded complaint rule, 'a plaintiff may not defeat removal by omitting to plead necessary federal questions.'" *Peters v. Union Pac. R.R. Co.*, 455 F. Supp. 2d 998, 1001 (W.D. Mo. 2006) (quoting *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998)). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the Plaintiff's complaint." *Phillips v. Nesher Pharms., LLC*, No. 4:21-cv-00175-SRC, 2021 WL 765291, at *2 (E.D. Mo. Feb. 26, 2021) (quoting *Rivet*, 522 U.S. at 475).

There has been no such "artful pleading" here. Plaintiff does not allege anywhere in his Petition that Panera violated the FDA's labeling regulations or any other federal law. In fact, he alleges that Panera did list the ingredients of its food products on its website and in some restaurants, and he argues that a reasonable consumer would not recognize that some of those ingredients violate *Panera's* proclamation that all its food is "clean." *See, e.g.*, Doc. [6] ¶¶ 53–55. Nowhere does Plaintiff allege any deficiencies regarding the listing of those ingredients with respect to compliance with federal regulations. And, in any case, there is no private right of action under the FDCA to enforce the FDA's labeling regulations. *See Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521 (8th Cir. 2020) (discussing Congress's refusal to create a federal private right of action for FDCA claims); *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 804, 806–807 (1986) (noting that there is no federal cause of action for FDCA claims). Federal law does not "create the cause of action asserted" here, so there is no basis for "arising under" jurisdiction on the face of Plaintiff's Petition. *See Gunn*, 568 U.S. at 258; *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 331 (8th Cir. 2016); *cf. Sarantino v. Am. Airlines, Inc.*, No. 4:05-md-1702-JCH, 2005 WL 2406024 (E.D. Mo. Sept. 29, 2005) (holding no federal question on face of complaint where the complaint "merely allege[d] a

6

possible violation of a federal statute as an element of a state law cause of action")

### B.  This Case Does Not Involve a Necessary and Substantial Federal Issue

Since federal law did not create the basis for Plaintiff's claim, Panera must establish that this case fits within the "special and small category" of cases as outlined in *Grable* and clarified in *Gunn*.  It therefore must show that a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  *Gunn*, 568 U.S. at 258.  The Court concludes that Plaintiff's MMPA claim does not necessarily raise a federal issue and that any federal issue in this case is not substantial as that term is described in *Grable* and *Gunn*.  Because Panera has failed to carry its burden of establishing those two required features of Plaintiff's claim, there is no federal jurisdiction here, and the Court need not address the second or fourth prongs of the *Grable* test.

The Court is not persuaded by Panera's contention that to resolve Plaintiff's claim, a court *must* determine whether some of the Challenged Ingredients are *always* preservatives within the meaning of FDA regulations.  As already discussed, Plaintiff does not allege that Panera violated FDA regulations.  Rather, Plaintiff raises the FDA regulations as a means by which to decide whether the ingredients are, in fact, members of the "unclean" categories, and therefore to support its argument that Panera engaged in unfair or deceptive practices in violation of the MMPA.  *Cf. Maxwell v. Aurora Loan Servs., LLC*, 4:11-cv-1264-CAS, 2011 WL 4014327, at *2 (E.D. Mo. Sept. 9, 2011) ("Rather, Count III is a state MMPA claim that references [the federal Home Affordable Modification Program] to establish defendants violated the MMPA. . . .  The HAMP guidelines are only a standard upon which to measure defendants' conduct."); *Johnson v. Precision Airmotive, LLC*, 4:07-cv-1695-CDP, 2007 WL 4289656, at *3 (E.D. Mo. Dec. 4, 2007) ("Any violation of federal law serves only as some evidence to support [the] state law claims."); *Phillips*,

2021 WL 765291, at *3. Furthermore, FDA regulations are not the exclusive means for a court to decide whether the Challenged Ingredients are, by Panera's definition, "clean," and Plaintiff does not allege that they are. Instead, as both Plaintiff and Panera's filings suggest, other sources may be useful in answering that question.[2] For example, Plaintiff's Petition cites both livestrong.com and FBC Industries, Inc. in support of his argument that ascorbic acid and citric acid are preservatives, and the list of other "unclean" ingredients in the Petition contain numerous references to non-FDA resources.[3] Panera also has not articulated why experts could not shed light on the "clean" or "unclean" status of the Challenged Ingredients. Even if the FDA sets the rules for the categorization of ingredients for purposes of food labeling, it does not have a monopoly on the definition of "preservative," or any of the other "unclean" categories, for any and all purposes. "The Court is not persuaded by [Panera]'s argument that the only reasonable definition of a preservative, as a matter of law, is the FDA definition." *Hu v. Herr Foods, Inc.*, 251 F. Supp. 3d 813, 821 (E.D. Penn. 2017).

Ultimately, Panera could be in compliance with the FDA's labeling requirements and still be liable to Plaintiff for violating the MMPA based on Plaintiff's allegations surrounding the clean campaign. *Cf. Phillips*, 2021 WL 765291, at *4 ("[E]ven assuming that [defendant] complied with [the relevant federal law], [plaintiff] alleged separate facts that support that [defendant] and its employees discriminated and retaliated against her. Thus, a court need not consider whether [defendant] violated the FLSA to determine whether it violated the [state law]."). Because Plaintiff could establish that the Challenged Ingredients are "unclean" by reference to authority other than

---

[2] While Panera argues that the FDA regulations exclusively govern the issue of how to define "preservative," its own brief refers to a non-FDA resource regarding the classification of citric acid. *See* Doc. [13] at 11 n.14.

[3] Such sources include the American Beverage Association, the Encyclopedia of Food and Color Additives, and multiple scholarly articles. *See, e.g.*, Doc. [6] ¶ 43(k). Further, there are numerous Challenged Ingedients that do not refer to any source at all, including FDA regulations or guidance.

FDA regulations, the implication of those regulations is not necessary in this case. FDA regulations and resources may well serve as persuasive evidence of whether Panera's food in fact includes ingredients inconsistent with its promise of "clean" food, but federal law is not the alpha and omega for defining the relevant ingredients here. For all the above reasons, the Court is convinced no federal issue is necessarily raised in this case, and Panera has not carried its burden of establishing otherwise.[4]

Even if the interpretation of FDA regulations were necessary here, the inherently fact-bound nature of MMPA claims undermines any suggestion that such an issue will have the requisite "importance . . . to the federal system as a whole" to be considered "substantial" within the meaning of *Grable*. *Dorman v. Bayer Corp.*, 4:16-cv-601-HEA, 2016 WL 7033765, at *3 (E.D. Mo. Dec. 2, 2016) (quoting *Gunn*, 568 U.S. at 260). The Eighth Circuit has described that the MMPA's terms are "unrestricted, all-encompassing and exceedingly broad" and noted the statute "leaves to the court in each particular instance the determination whether fair dealing has been violated." *Schulte v. Conopco, Inc.*, 997 F.3d 823, 826 (8th Cir. 2021) (first quoting *Ports Petroleum Co. v. Nixon*, 37 S.W.3d 237, 240 (Mo. banc 2001), then quoting *Huch v. Charter*

---

[4] Panera cites the Eighth Circuit's recent decision in *Wullschleger v. Royal Canin U.S.A., Inc.* in support of its argument that federal jurisdiction is proper here, but there are meaningful differences between that case and this one. See 953 F.3d 519 (8th Cir. 2020); Doc. [13] at 11–13. In *Wullschleger*, the plaintiffs alleged the defendants engaged in a "joint and coordinated violation of" the FDCA and relevant FDA guidance. 953 F.3d at 520. The complaint in that case asserted claims under the MMPA, Missouri antitrust laws, and Missouri unjust enrichment law, and the plaintiff requested, among other relief, "declaratory and injunctive relief requiring that defendants comply with relevant state and federal laws." *Id.* at 520–21. The Eighth Circuit found that "federal law permeate[d]" the antitrust and unjust enrichment claims, as the plaintiffs explicitly and repeatedly alleged violations of federal law. *Id.* at 521–22. The court further found that the prayer for relief invoked federal jurisdiction because it asked the court to declare defendants had violated federal law and require defendants to comply with federal law. *Id.* at 522. That is simply nothing like the allegations here. Plaintiff did not allege violations of the FDCA or FDA regulations, did not seek similar declaratory or injunctive relief, and, as discussed, did not stake its case exclusively on the interpretation of federal law. The *Wullschleger* court even observed that "[r]esolution of the MMPA claims . . . might not depend on federal law if the defendants' failure to submit the prescription pet food for FDA review arguably could be sufficient to prove deception under the MMPA." *Id.* at 521. But noting that "plaintiffs' MMPA claims do not stand alone," the court found jurisdiction based on the allegations related to antitrust and unjust enrichment. *Id.* Suffice it to say, the Court finds *Wullschleger* readily distinguishable from the case at hand.

9

*Commc'ns, Inc.*, 290 S.W.3d 721, 724 (Mo. banc 2009)). The Court's task in this case involves a comprehensive consideration of all relevant facts in determining whether Panera's "clean" campaign and use of the Challenged Ingredients constitutes an unfair or deceptive practice in violation of the statute. The Court does not have squarely before it the issue of whether Panera failed to comply with FDA labeling regulations, so it is unconvinced by Panera's apprehension that the resolution of this action may "have ramifications for the nationwide labeling of food products." Doc. [13] at 15. The Court finds that Panera has failed to establish this case involves a "substantial" federal issue, as it does not involve a nearly "pure issue of law . . . that could be settled once and for all and thereafter would govern numerous [similar] cases." *Empire*, 547 U.S. at 700; *see Phillips*, 2021 WL 765291, at *4.

The "fact-bound" and "situation-specific" nature of this case means that it cannot be "squeezed into the slim category *Grable* exemplifies." *See Empire*, 547 U.S. at 681, 701; *Great Lakes Gas Transmission*, 843 F.3d at 332. Because Panera has failed to demonstrate that this Court has federal question jurisdiction in this action, the Court must grant Plaintiff's Motion to Remand. Whatever role federal regulations and law ultimately play in this case, state courts are fully "competent to apply federal law, to the extent it is relevant." *See Empire*, 547 U.S. at 701.

## Conclusion

Plaintiff is the "master of his complaint," and as such he "may avoid federal jurisdiction by exclusive reliance on state law." *Wullschleger*, 953 F.3d at 521 (quoting *Caterpillar*, 482 U.S. at 392). In his Petition, he alleged only a violation of the MMPA, a state law; thus, federal law does not create the cause of action alleged here. Nor does this case fall within the narrow category of cases described in *Grable*, as Panera has failed to carry its burden of showing that an issue of

10

federal law is either necessarily raised or substantial in this case. Therefore, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1331, and the Court must remand the case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [11], is **GRANTED**.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 3rd day of August, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE